**J. L. KAMSLER, Plaintiff-Appellant,**

v.

**M. F. I. CORPORATION, Caine Steel Co., G & H Steel Plate Co., Beverly Steel Corp., Clearing Steel, Inc., and Sgt. Ed McGlynn of the Chicago Police Department, Defendants-Appellees.**

**No. 15395.**

United States Court of Appeals
Seventh Circuit.

March 29, 1966.

J. L. Kamsler, Chicago, Ill., for appellant.

Barry B. Nekritz, Joel S. Siegel, Donald J. Veverka, Elsdon C. Smith, Chicago, Ill., Friedman, Koven, Salzman, Koenigsberg, Specks & Homer, Chicago, Ill., of counsel, for appellees.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff-appellant, J. L. Kamsler, has appealed from an order of the district court dismissing his complaint for damages, under civil rights statutes, for want of jurisdiction.

In general, Kamsler asserts that the district court committed the following errors: dismissed the complaint and all its counts for want of jurisdiction; considered previous litigation which did not directly relate to the instant case; and failed to accept alleged facts as true.

In the first count of his complaint, Kamsler contended that defendants, M.F.I. Corporation, Caine Steel Co., G & H Steel Plate Co., Beverly Steel Corp., Clearing Steel, Inc. and Sgt. Ed McGlynn, of the Chicago Police Department, conspired to violate his constitutional rights by conspiring to extort money from him. Count two alleged the carrying out of the alleged conspiracy. Count three alleged malicious prosecution.

In the counts, Kamsler alleged injury to his reputation and pain in mind and body stemming from the alleged activities of defendants. On each count, he sought

5 million dollars in damages and 5 million dollars in punitive damages.

The record in the instant case is scant. From Kamsler's complaint, however, it is possible to glean the following allegations of fact.

Kamsler, together with an unnamed individual, purchased steel from a number of companies, among which were some of the defendants. Promissory notes were given for these purchases, but the notes were not paid.

Sometime between July, 1962 and February, 1963, the defendants allegedly conspired with Sgt. Ed McGlynn, of the Chicago Police Department, to extort money from Kamsler by threatening to send him to jail for failure to pay the promissory notes.

It was further alleged that defendants signed criminal complaints against Kamsler. The alleged conspirators urged individuals unacquainted with Kamsler, but to whom he owed money, to sign complaints. Kamsler was required to make bond.

There was an alleged conspiracy between defendants, certain assistant state's attorneys and other unnamed public officials to ensure that Kamsler was harassed and prosecuted.

Defendants gave evidence before the grand jury, and indictments were returned against Kamsler. Kamsler was held under special bond and ordered to stand trial in the Criminal Court of Cook County, Illinois.

Kamsler was prosecuted. The record before us does not reveal the result of the prosecution. However, in the interests of justice, we may take notice of the proceedings of this court in related litigation. Cf. Meredith v. Van Oosterhout, 286 F.2d 216, 217 (1960), cert. den., 365 U.S. 835, 81 S.Ct. 749, 5 L.Ed.2d 745 (1961); A. G. Reeves Steel Const. Co. v. Weiss, 119 F.2d 472, 474 (1941), cert. den., 314 U.S. 677, 62 S.Ct. 181, 86 L.Ed. 541 (1941). We take notice therefore of the opinion of this court in Kamsler v. Ward, 353 F.2d 207 (1965) in which it is revealed that six indictments were returned against Kamsler and that he stood trial and was convicted on two of them. The remaining four indictments were nolprossed.

The relevant portions of the civil rights statutes, upon which Kamsler relies, are:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;" [1]

" * * *

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the

[1]. The relevant part of 42 U.S.C.A. § 1985 reads as follows:
"(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."

jurisdiction of the United States." 28 U.S.C.A. § 1343(1), (3).

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983.

■ Under these statutes, a district court does not have jurisdiction unless a person is deprived of Constitutional or statutory rights, privileges, or immunities.

Kamsler has alleged violations of his rights under the fifth, sixth, eighth and fourteenth amendments to the United States Constitution. He has not, however, related such violations to his allegations of fact; that is, there is no showing how or in what manner his *federal* rights were violated.

■ Due process is not concerned with the reason for an indictment or a prosecution, but with fairness. Kamsler does not allege that the grand jury proceedings themselves were illegal or unfair. Nor has it been alleged that there was a denial of due process in the subsequent trials.

■ A careful examination of Kamsler's complaint does not reveal a deprivation, under color of state authority, of his Constitutional rights. Monroe v. Pape, 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Kamsler v. Zaslawsky, 7 Cir., 355 F.2d 526 (1966). No claim has been presented upon which relief can be granted. Federal Rules of Civil Procedure, 12(h), 28 U.S.C.A.

Finally, in his reply brief, Kamsler admits that he was convicted on trial of two counts of the six count indictment. He states he was sentenced to serve a term of one to five years in the "Zaslawsky case" and a term of two to six years in the "case of the M.F.I. Corp." It was disclosed in oral argument that one of the convictions had been affirmed on appeal, while an appeal in the other is still pending. This sad conclusion would appear to effectively illustrate the inadequacy of Kamsler's complaint to state a claim under the relevant statutes.

We hold that the district court did not err in dismissing plaintiff's complaint. The judgment appealed from is affirmed.

Affirmed.