**Aileen HENIG, a Minor Together With Ludwig Henig and Geneva M. Henig, Her Parents, Appellants,**

v.

**Rocco A. ODORIOSO et al.**

**No. 16279.**

United States Court of Appeals Third Circuit.

Argued April 7, 1967.

Decided Nov. 15, 1967.

Geneva M. Henig, pro se.

John B. Hannum, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellee F. W. Woolworth Co.

James H. Agger, Krusen, Evans & Byrne, Philadelphia, Pa., for appellees Wallingford House, Frank A. Loftus and Virginia Martin.

William R. Toal, Jr., Media, Pa., for appellee Estate of W. R. Toal, Dec'd.

Before McLAUGHLIN and GANEY, Circuit Judges, and NEALON, District Judge.

## OPINION OF THE COURT

NEALON, District Judge.

Appellants, Ludwig Henig and Geneva M. Henig, filed this Civil Rights action [1] in the District Court on March 25, 1964, on behalf of themselves and their minor daughter, Aileen Henig, seeking to recover damages arising out of an incident on March 22, 1962, when Aileen Henig was allegedly falsely arrested and imprisoned. The named defendants were (1) the Radnor Township Commissioners and police officials who allegedly were responsible for illegally arresting the girl and falsely accusing her of shoplifting; (2) F. W. Woolworth Company, Inc., and certain named employees who allegedly aided the police in their illegal arrest and search of the minor plaintiff; (3) the Judges and employees of the Delaware County Court, particularly the late Judge Toal by whose order Miss Henig was adjudged a delinquent and incarcerated; (4) the Judges of the Pennsylvania Supreme and Superior Courts and certain Court employees, all of whom allegedly refused to grant the relief sought by plaintiffs; (5) the Wallingford Home and its named employees, who allegedly conspired with the Courts in incarcerating the minor plaintiff and who allegedly inflicted cruel and inhuman treatment upon the girl during her period of confinement at that institution. The District Court granted defendants' motions to dismiss [2] and this appeal followed.

In granting defendants' motions to dismiss, the District Court held that the claims of all plaintiffs were barred by the applicable Statutes of Limitations and, further, even assuming that plaintiffs were not barred by the applicable Statutes of Limitations, their complaints failed to state a cause of action against any of the defendants named therein.

A condensation of the complaint reveals the following:

The minor plaintiff, then eleven years old, was arrested March 22, 1962, in the F. W. Woolworth Company, Inc., store in Wayne, Pennsylvania, by two Radnor Township police officers on suspicion of shoplifting. A search of her person produced three comic books, two pairs of stockings, two flashlight batteries and a pocket comb, having a total value of $2.32, and for which she had no sales slip. A preliminary hearing was held in Delaware County Juvenile Court on March 23, 1962, and a further hearing was scheduled for May 23, 1962, before Judge William R. Toal, now deceased. At the conclusion of the May 23d hearing, the minor was placed in the Juvenile Court

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331, 1343; 42 U.S.C.A. §§ 1983–1985; and under Amendments 5, 6, 8, 9, 13 and 14 of the United States Constitution.

2. Henig v. Odorioso, et al., 256 F.Supp. 277 (1966).

Detention Center for fifty-one days, until July 13, 1962, at which time, after hearing, Judge Toal found the minor to be a delinquent and committed her to the Wallingford Home of the Orphans' Society of Philadelphia.[3] The plaintiff's parents appealed to the Pennsylvania Superior Court and challenged the constitutionality of the Pennsylvania Juvenile Act,[4] but its constitutionality was upheld. (Com. v. Henig, 200 Pa.Super. 614, 189 A.2d 894 (1963)). An attempt to appeal to the Pennsylvania Supreme Court was denied and the United States Supreme Court denied certiorari. (Henig v. Pennsylvania, 375 U.S. 908, 84 S.Ct. 201, 11 L.Ed.2d 148 (1963)).

On March 25, 1964, plaintiffs filed a petition to proceed in forma pauperis in the District Court and it was denied the same day. Following unsuccessful appeals to this Court and the United States Supreme Court from the District Court's refusal to allow plaintiffs to proceed in forma pauperis, plaintiffs finally forwarded the required filing fee to the Clerk of the District Court on October 22, 1964.

The complaint, prepared by Mrs. Geneva Henig, is a rambling, disjointed, inartful document containing many conclusory statements and, generally, demonstrating an attempt by verbal exaggeration and inflation to portray a situation of aggrievement where none, in fact, exists.

The District Court concluded, and we agree, that a liberal reading of plaintiffs' allegations reveals that they have pleaded the following causes of action: (1) false arrest, (2) false imprisonment, (3) slander, and (4) malicious prosecution.

Since the Civil Rights Act contains no provision limiting the time within which an action thereunder may be brought, the applicable Statute of Limitations is that which the State would enforce had the action seeking similar relief been brought in State Court. Swan v. Board of Higher Education of City of New York, 319 F.2d 56 (2d Cir. 1963); Smith v. Cremins, 308 F.2d 187, 98 A.L. R.2d 1154 (9th Cir. 1962); Mohler v. Miller, 235 F.2d 153 (6th Cir. 1956). Under Pennsylvania law, the Statute of Limitations is one year for false arrest, slander, malicious prosecution and certain actions for false imprisonment.[5] In addition, the general Statute of Limitations applicable to all actions to recover damages for injury wrongfully done to the person is two years. See P.L.E. Limitation of Actions §§ 31, 32. Therefore, any claim based upon the events occurring March 22, and March 23, 1962, is barred by the applicable Statutes of Limitations. With this in mind, we will proceed to analyze the allegations in the complaint in the order of the defendants named:

(a) *Radnor Township Officials*. Paragraph 2 of the complaint identifies the Commissioners of Radnor Township in office on March 22, 1962, by name, but makes no allegation whatsoever of any wrongdoing on their part. Inasmuch as

---

3. On January 25, 1963, Judge Toal discharged the minor from the care of the Wallingford Home and returned her to her parents' custody.

4. Act of June 2, 1933, P.L. 1433, 11 P.S. § 243 et seq.

5. In Pennsylvania, 12 P.S. § 51, which requires that actions "for malicious prosecution or for false arrest" be brought within one year from the accrual of the cause of action, is applied to actions for false imprisonment where a false arrest preceded the incarceration. The rationale behind applying this Statute to such situations is that the false arrest is viewed as being the source of the tort. Rhoads

v. Reading Co., 83 Pa.Dist. & Co.R. 168 (1953). See Funk v. Cable, 251 F.Supp. 598 at 600 (M.D.Pa.1966) (dictum); 2 Standard Pennsylvania Practice, Limitation of Actions § 73 at page 153 (1956). Prior to enactment of this Statute, 12 P.S. § 34, requiring that actions for injuries wrongfully done to the person which do not result in death be brought within two years from accrual of the action, was applied to all false imprisonment causes. Jones-Burget v. Borough of Dormont, 14 F.2d 954 (3d Cir. 1926). Presumably this Statute still applies to false imprisonment actions where no arrest occurred. See 16 P.L.E. § 5, p. 298.

the reference to the Commissioners in the complaint concerns the date of March 22, 1962, it is obvious that more than two years had expired prior to the commencement of the action. Consequently, the action is barred by the Statute of Limitations. In addition, as noted above, the complaint fails to state a claim upon which relief can be granted.

(b) *Radnor Township Police Officers.* The complaint names four police officers as defendants and charges two of them, C. Russell Fleming and Henry P. Jansen, with seizing the minor on March 22, 1962, and extracting a false confession "under the implied promise that she would be released if she confessed to something * * *" in violation of her constitutional rights. Defendant William J. Barton is merely identified as the Police Chief, whose duty it was to supervise the members of the police force. The fourth police defendant, Thomas Lennon, allegedly participated in the questioning with Fleming and Jansen. Once again, as the incidents complained of occurred on March 22, 1962, the Statute of Limitations bars recovery.

(c) *F. W. Woolworth Company and Its Employees.* The sole charge against Woolworth and its employees is that an unknown employee, named as Jane Doe, on orders of the police officers, searched the minor on the day of her apprehension. Besides being barred by the Statute of Limitations, the complaint reveals that Jane Doe did nothing more than obey a police order as a private citizen and in no way acted under color of State law. Finally, if jurisdiction does not attach under the Civil Rights Statutes hereinbefore referred to, then it cannot be assumed under 28 U.S.C. § 1332 as the complaint does not allege diversity of citizenship between plaintiffs and any of the named defendants.

(d) *The Judges and Employees of the Pennsylvania Supreme and Superior Courts and the Delaware County Court.* The accusations in this regard are so patently frivolous and baseless as to warrant little comment. Suffice it to say that the judiciary and Court employees executing judicial orders are immune from liability for acts committed within their judicial discretion. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966). All of the acts complained of were exercised in the performance of the judicial function.

(e) *The Wallingford Home and Its Employees.* The minor, by order of the Delaware County Court, was committed to Wallingford Home on July 13, 1962, and was released January 25, 1963. The complaint alleges the minor was held in "involuntary servitude" by named employees, "was forced * * * to perform menial tasks, in violation of the 13th Amendment" and "was subjected to physical abuse and cruelty" which amounted to cruel and unusual punishment under the Eighth Amendment to the Constitution.

A threshold issue in Civil Rights actions is whether the alleged tortfeasor acted "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory".[6] For action to be taken under color of State law requires "(m)isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law * * *." United States v. Classic, 313 U.S. 299 at 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1940); Accord Monroe v. Pape, 365 U.S. 167 at 184, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Thus the District Judge's observation that the Wallingford Home and its employees did not act under

---

6. Section 1983 of the Civil Rights Act. Section 1985 does not enunciate this standard, but the majority of Courts read the color of law requirement into this section on the premise Congress did not intend to assume within the federal sphere individual tort actions against other individuals. Kamsler v. M.F.I. Corp., 359 F.2d 752

(7th Cir. 1966); Hoffman v. Halden, 268 F.2d 280 & n. 8 (9th Cir. 1959); Williams v. Yellow Cab Co. of Pittsburgh, 200 F.2d 302 (3d Cir. 1953), cert. den. Dargan v. Yellow Cab Co., 346 U.S. 840, 74 S.Ct. 52, 98 L.Ed. 361 (1953); Love v. Chandler, 124 F.2d 785 (8th Cir. 1942).

color of State law in the sense that term is used in the Civil Rights Act was well taken. The Wallingford Home was a private orphanage, and the defendant employees were private citizens employed on the staff. In all their relations with the minor plaintiff, the institution and the employees acted in their private capacities as employees of a private institution. It is not alleged that the defendants became agents or officers of the State. The employees received no salary or fee from the State, nor were their actions controlled by the State. Under the terms of Court Order plaintiffs Ludwig Henig and Geneva M. Henig were required to pay for the maintenance and care of their child. It follows that the actions of these defendants did not comprise a misuse of power derived from an actual vesting of authority by the State and that the defendants did not act under color of State law in the sense used in the Civil Rights Act.

The District Judge was equally. accurate in concluding, on the basis of the facts alleged in the complaint, that the claim the child was placed in involuntary servitude and subjected to cruel and unusual punishment was patently frivolous.

The Order dismissing the action is affirmed.