Alvin J. SYREK, Jr., et al.

v.

PENNSYLVANIA AIR NATIONAL
GUARD et al.

Civ. A. No. 73-748.

United States District Court,
W. D. Pennsylvania.

March 13, 1974.

John R. Cook, Pittsburgh, Pa., for plaintiffs.

James A. Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

## MEMORANDUM

McCUNE, District Judge.

This is a class action brought on behalf of civilian technicians of the Pennsylvania Air National Guard seeking to enjoin the application and enforcement of Air Force regulations which prescribe standards for hair styles and length.

Now before the court is the defendants' motion to dismiss or in the alternative for summary judgment. We have heard argument on the defendants' motion.

For purposes of deciding the motion to dismiss, the facts alleged in the complaint need only be set forth briefly.

It appears the plaintiffs are employed as civilian technicians as provided by 32 U.S.C. § 709. They are members of The Pennsylvania Air National Guard and drill with The National Guard on designated weekends. During the week they are employed as civilians and care for and maintain Air National Guard equip-

ment. Although they work during the week as civilians, they must comply, as the complaint concedes, with "rules, customs and courtesies of the military service." During the week they wear a modified military uniform—apparently of the same type worn by Air Force jet mechanics.

According to the complaint, defendant Phillipy, the plaintiffs' commanding officer and a Brigadier General in the Pennsylvania Air National Guard and Base Detachment Commander at the Greater Pittsburgh Airport, told the civilian technicians under his control that he would enforce the hair regulations specified in Air Force Manual 35–10.[1]

After refusing to comply with the hair regulations Plaintiff Syrek was discharged; Plaintiffs Rogalla and Mascari received five day suspensions; and Plaintiffs Tworek and Hoyle have repeatedly been instructed to cut their hair and have done so. The defendants conceded at argument that the plaintiffs have been disciplined only in their civilian capacity as technicians and have not been disciplined for violation of the hair regulation by their superiors when on weekend military duty with The National Guard.

The plaintiffs have brought this suit, pursuant to jurisdiction conferred on the court by 28 U.S.C. § 1343, alleging a violation of rights protected by 42 U.S.C. §§ 1983, and 1986, the so-called Civil Rights Act. Plaintiffs also seek a declaratory judgment under 28 U.S.C. §§ 2201, 2202, and Rule 57, Fed.R.Civ.P. The Declaratory Judgment Act cannot serve as an independent basis of jurisdiction.

The defendants have moved to dismiss, or in the alternative, for a summary judgment arguing that we have no jurisdiction to hear the suit. They argue that the complaint involves matters of military discipline in which the court should not become involved and consequently there is no subject matter jurisdiction; and they argue that the constitutional deprivation alleged here arose under color of federal, not state, law and consequently there is no jurisdiction under 28 U.S.C. § 1343 to hear this civil rights complaint.

■■ We turn first to the defendants' argument that we lack subject matter jurisdiction. We think it is obviously true that courts should be most circumspect when they are asked to interfere in or regulate the day-to-day matters of military training and discipline. See: Gilligan v. Morgan et al., 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973); Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); Comunale v. Mier, 355 F.Supp. 429 (W. D.Pa.1973). However, we have had no hearing, heard no evidence and taken no testimony in this suit. We cannot be sure, on the basis of this record, exactly what the status of these civilian technicians is. They appear to be hybrid creatures: half military and half civilian. Until we hold a hearing and know more about the facts underlying this suit, we will be unable to decide whether this is a case from which the court should properly refrain from exercising its discretion. Accordingly, the defendants' motion to dismiss on this ground is denied.

The defendants also argue that we have no jurisdiction to hear this suit because the alleged discrimination occurred under color of federal law.

■ It is elemental, of course, that conduct alleged to be in violation of the Civil Rights Act must occur under color of state law; and that if the conduct is

---

1. The regulation provides as follows:
"Hair. Hair will be neat, clean, trimmed, and present a groomed appearance. Hair will not touch the ears or the collar except the closely cut hair on the back of the neck. It will present a tapered appearance. Hair in front will be groomed so that it does not fall below the eyebrows and will not protrude below the back of properly worn head-gear. In no case will the bulk or length of the hair interfere with the proper wear of any Air Force headgear. The acceptability of a member's hair style will be based upon the criteria in this paragraph and not upon the style in which he chooses to wear his hair."

practiced by a citizen or organization acting privately and not under color of state law, or by a citizen or organization acting under color of federal law, then there is no § 1983 claim and § 1343 does not confer jurisdiction on federal district courts. Civil Rights Cases, 109 U. S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967).

We refuse to hold, however, that the constitutional deprivation alleged here occurred under color of federal law. In our judgment the defendants were acting under color of state law, exercising authority vested in them by the Commonwealth of Pennsylvania.

The Third Circuit Court of Appeals decided this very point in Lasher v. Shafer, 460 F.2d 343 (3rd Cir. 1972). There the court held that the superior officers of Pennsylvania Air National Guard civilian technicians acted under color of state law, not federal law, when they unlawfully interfered with the civilian technicians' rights of association and rights to petition Congress.

In *Lasher* the court decided the state action question under the old "caretaker" statute, which was amended in 1968. The court concluded that "the district court erred in holding that the complaint does not allege action under color of state law." The court added the condition that "We express no opinion as to the effect in another case under either the Civil Rights Acts or the Federal Tort Claims Act, of the 1968 amendment to 32 U.S.C. § 709 . . . ." 460 F. 2d, at 348.

■ After a review of the amended statute and its legislative history [2] we do not think the amendment alters either the logic or the holding of *Lasher,* insofar as it holds that Pennsylvania Air National Guard officers act under color of state law when they supervise civilian technicians. While the amendment details more clearly the relationship between the state and federal governments in matters involving civilian technicians, it does not alter the basic purpose of the statute as defined in *Lasher*: to assist the states in the care of federal property. The National Guard remains a state function, and the civilian technicians, while now classified as employees of the federal government, remain under the supervision of state officials.

As the legislative history spells out:

*"Supervisory Authority of The Adjutants General*

Requirement for Employment and Administration of Technicians by the Adjutants General

The bill provides that the Secretaries concerned under the regulation will designate the adjutants general of the various States to employ and administer the technicians. This is the current arrangement although not required by law.

This requirement is intended to achieve two purposes: (a) recognize the State character of the Guard and (b) meet the requirement of giving the adjutants general (who are State officers) the statutory function of employing Federal employees." 1968 U.S.Code Cong. and Adm.News, p. 3330.

■ Accordingly, we find that the defendants did act under color of state law and the defendants' motion to dismiss for lack of jurisdiction under 28 U.S.C. § 1343 is denied.

2. 1968 U.S.Code Cong. and Admin.News, p. 3318, et seq.