**Jackson DUDLEY, Sr.**

v.

**TEXTRON, INC., BURKART–RANDALL DIVISION.**

**Civ. A. No. 74–1205.**

United States District Court,
E. D. Pennsylvania.

Dec. 20, 1974.

As Amended Jan. 27, 1975.

Craig Currie, Bolger & Picker, Philadelphia, Pa., for plaintiff.

Mark S. Dichter, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

GREEN, District Judge.

Plaintiff has filed an action alleging jurisdiction under 28 U.S.C. § 1343, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981, on a cause of action arising out of the termination of his employment with Burkart Manufacturing Company ("Burkart"). By way of acquisition or merger, defendant Textron, Inc. has now become the successor in interest to Burkart. Plaintiff had been employed continuously by defendant (except during World War II) from January, 1928 until July 31, 1970, when defendant's Philadelphia plant was closed down. Plaintiff seeks declaratory relief, and compensatory and punitive damages. The defendants have moved to dismiss under F.R.Civ.P. 12 the Complaint and Amended Complaint on the grounds that the Court lacks jurisdiction over the claims, for failure to state a claim upon which relief can be granted, and the bar of the statute of limitations and laches.

The issues before the Court in the instant action are the following: (1) For purposes of the applicable statute of lim-

itations, when does plaintiff's cause of action arise; (2) Whether plaintiff has failed to state a claim over which this Court has jurisdiction because of his failure to file a timely claim as required by Title VII of the Civil Rights Act of 1964; and (3) What is the applicable Pennsylvania statute of limitations for plaintiff's § 1981 action. For the reasons hereinafter set forth we hold the following: (1) The Complaint alleges challenged employment practices which were continuous in nature; (2) Plaintiff's Title VII claim is barred for failure to file a timely claim with the Equal Employment Opportunity Commission ("EEOC"); and, (3) The applicable Pennsylvania statute of limitations for plaintiff's § 1981 action is six years, and accordingly said action is not time barred.

For purposes of this motion under F. R.C.P. 12 the following allegations of the Complaint must be accepted as true. Young v. IT & T, 438 F.2d 757 (3rd Cir. 1971).

Plaintiff is a Black citizen of the United States, residing in Philadelphia, Pennsylvania. Defendant is a Delaware corporation engaged in the business of upholstery goods manufacturing and maintains a principal place of business in St. Louis, Missouri. Defendant was and is doing business within the Commonwealth of Pennsylvania. Plaintiff in his Complaint and Amended Complaint alleges that defendant practiced racially discriminatory conduct which denied plaintiff: (a) equal pay for equal work, (b) proper promotion and/or classification, (c) participation in a company profit-sharing plan, (d) proper severance pay, and (e) full and proper benefits under a company pension plan.

On December 5, 1971, plaintiff filed a formal complaint with the EEOC alleging racial discrimination by defendant. On November 14, 1973, the EEOC determined that there was not reasonable cause to believe that a violation of Title VII of the Civil Rights Act of 1964 had occurred. Thereafter, on February 11, 1974, plaintiff received from the EEOC a "Notice of Right to Sue", which informed him of his right to institute a civil action in the federal court within 90 days of receipt of said notice. Plaintiff's complaint instituting the instant action was filed on May 13, 1974.

## I. TITLE VII CLAIMS

■ In regard to that portion of the complaint based on Title VII of the Civil Rights Act of 1964, this Court concludes that the Complaint alleges challenged employment practices which were continuous in nature. Thus, plaintiff's claims concerning denial of equal pay for equal work and denial of proper promotion and/or classification were continuing claims that cannot be restricted to any specific date or time period, Commonwealth of Pennsylvania v. Glickman, 370 F.Supp. 724 (W.D.Pa.1974); Belt v. Johnson Motor Lines, Inc., 458 F.2d 443 (5th Cir. 1972); Henderson v. First National Bank of Montgomery, 344 F.Supp. 1373 (M.D.Ala.1972); King v. Georgia Power Co., 295 F.Supp. 943 (N.D.Ga. 1968).

Since certain of plaintiff's claims were continuous in nature, the applicable statute of limitations does not begin to run until the challenged conduct or relationship giving rise to the claim ended, which here is the date of plaintiff's termination, July 31, 1970. Plaintiff's other claims, i. e. denial of participation in the profit-sharing plan, improper amount of severance pay and improper pension benefits, also were causes of action which did not arise until his date of termination, July 31, 1970, Bartmess v. Drewrys U.S.A. Inc., 444 F.2d 1186 (7th Cir. 1971); Mixson v. Southern Bell Telephone & Telegraph Co. et al., 334 F.Supp. 525 (N.D.Ga.1971).

■ Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction is based on the contention that plaintiff did not file his complaint with the EEOC within ninety days after the alleged unlawful employment practice occurred, as required by 42 U.S.C. §

2000e–5(e).[1] Since the complaint in the instant action was filed after the ninety day filing . requirement the issue is whether that requirement is a jurisdictional prerequisite to the institution of a Title VII suit in the District Court. This issue is not new and the courts which have been called upon to decide the question have held, almost unanimously, that the requirement of filing the charge with the EEOC within ninety days of the alleged unlawful practice is a jurisdictional prerequisite to a subsequent civil suit under Title VII, Torockio v. Chamberlain Mfg. Co., 328 F.Supp. 578 (W.D.Pa.1971); Rouse v. Gulf Oil Corp., 350 F.Supp. 178 (E.D.Pa.1972); Revere v. Tidewater Telephone Co., 485 F.2d 684, 6 F.E.P. 891 (4th Cir. 1973). The law on this point is clear. A person must file a complaint of discrimination with the EEOC within the prescribed time period in order to bring an action in the Federal Courts.

Plaintiff acknowledges that he did not file with the EEOC within 90 days, but argues the belated filing should be excused because he delayed in order to seek a private settlement; in this regard, plaintiff's reliance on Culpepper v. Reynolds Metals Co., 421 F.2d 888 (5th Cir. 1970) and the cases related to it is misplaced. In *Culpepper* the Court tolled the ninety day filing requirement because the plaintiff complied with the grievance remedy provided by contract with his employer. In the present case, plaintiff contends that his delay was due to his attorney's unsuccessful attempt to negotiate a settlement, but there is no allegation or indication that any formal contractual grievance procedure caused plaintiff's late filing with the EEOC. In *Culpepper*, the court specifically differentiated between employees who have formal contractual remedies and those who do not when it said:

"There is nothing discriminatory about this result, as contended by appellee—that is between those without contractual grievance procedures having to file within 90 days as against those with contractual grievance procedures having to file within 90 days after the grievance procedure has been exhausted, abandoned, or time for filing the grievance has expired." *Culpepper, supra,* 421 F.2d at 893.

Plaintiff's reliance on Wells v. Gainesville-Hall County Economic Opportunity Organization, Inc., et al., 5 EPD ¶ 8541 (N.D.Ga.1973) and cases related to it, and McQueen v. E.M.C. Plastics Company, 302 F.Supp. 881 (E.D.Tex.1969) and its related cases, is also misplaced. In *Wells* the plaintiff's delay was due to a grievance procedure peculiar to the Federal Government which the plaintiff had the option of pursuing before he filed his charge with the EEOC. The present action is also distinguishable from *McQueen* where because of "extenuating circumstances" the court tolled the thirty day filing period in which a plaintiff has to file a suit after receiving his EEOC "Notice of Right to Sue". In *McQueen* the extenuating circumstances involved a delay occasioned by the court and court-appointed counsel. In the instant action the delay was occasioned by the inaction of plaintiff and/or his prior attorney.

Plaintiff's reliance on Antonopulas v. Aerojet General Corp., 295 F.Supp. 1390 (E.D.Cal.1968), is also misplaced. The court's reasoning in *Antonopulas* that the ninety day filing requirement was intended to be directory rather than mandatory has been rejected in the more recent decisions of this and other Circuits; see Torockio v. Chamberlain Mfg. Co., supra; Rouse v. Gulf Oil Corp., supra; Revere v. Tidewater Telephone Co supra.

1. The 90 day provision was applicable during the time frame relevant to the matter *sub judice.* Subsequently, on March 24, 1974, the statutory language of 42 U.S.C. § 2000e–5 was revised and now provides for a 180-day filing period. This change, however, does not affect the issues raised here.

Thus, the cases interpreting Title VII of the Civil Rights Act of 1964 hold that unless there are "extenuating circumstances," or a "formal" contractual grievance procedure, a complaint of an unlawful employment practice must be filed with the EEOC within ninety days of the unlawful practice. Plaintiff failed to comply with this requirement, and the Motion to Dismiss plaintiff's action based upon Title VII of the Civil Rights Act of 1964 is Granted.

## II. SECTION 1981 CLAIMS

■ Defendant contends that the applicable statute of limitations for plaintiff's § 1981 action is two years, and argues since plaintiff instituted his § 1981 action more than three and one-half years after the alleged wrong, this court lacks jurisdiction over the claim. We reject defendant's argument that the applicable statute of limitations is two years. Since the Civil Rights Act of 1866 does not provide for a statute of limitations, it has been uniformly accepted, and both parties agree, that the applicable statute of limitations is that which the state would enforce had the action seeking similar relief been brought in a state court. Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967), cert. den., 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968). In Pennsylvania the determination of the applicable statute of limitations must be made after considering the type of conduct complained of, including a consideration of whether the action arises out of tortious conduct or contract violations; Jones et al. v. United Gas Improvement Corp., et al., 383 F.Supp. 420 (E.D.Pa.1974). Plaintiff argues that the applicable statute of limitations is the six-year statute of limitations for actions in assumpsit (12 P. S. § 31); defendant contends the applicable statute of limitations is the two-year statute of limitations for tort actions involving personal injury (12 P.S. § 34).

In employment cases, the Courts of the Third Circuit have applied the Pennsylvania six-year statute of limitations applicable to actions in assumpsit; Gruca v. U. S. Steel Corporation, 495 F.2d 1252 (3d Cir. 1974); Jones et al. v. United Gas Improvement Corp., et al., *supra*; Yatzor v. Allen, 365 F.Supp. 875 (W.D.Pa., 1973). Courts in other Circuits have also held that the applicable statute of limitations is that relating to actions for breach of contracts, Page v. Curtiss-Wright Corp., 332 F.Supp. 1060 (D.C.N.J.1971); Brodnax v. Burlington Industries, Inc., 7 EPD ¶ 9256 (M.D.N. C.1972); Guerra v. Manchester. Terminal Corp., 350 F.Supp. 529 (S.D.Tex. 1972).

The cases cited by defendant on behalf of the proposition that a two-year statute of limitations should be applied to cases arising under § 1981 are inapposite, Henig v. Odorioso, *supra*; Orlando v. Baltimore & Ohio R.R., 455 F.2d 972 (3rd Cir. 1972); Gozdanovic v. Civil Service Commission for City of Pittsburgh, 361 F.Supp. 504 (W.D.Pa.1973); Conrad v. Stitzel, *supra*. The above cited cases relied on by defendant, generally involved allegations of personal injury sounding in tort, e. g. claims for false arrest, false imprisonment, slander, libel, and malicious prosecution, that arose under 42 U.S.C. §§ 1983 and 1985.

This court is of the opinion that at least with respect to the statute of limitations question, § 1981 cases are properly distinguished from § 1983 cases. For example, § 1983 actions have typically involved tort claims arising from personal injury, in many cases involving physical conduct of an irregular or sudden nature. By contrast, claims made pursuant to § 1981 usually arise out of employment contract relationships which consist of more patterned-type behavior, frequently involving documentary proof in the form of employment records. Accordingly, the passage of time is less likely to impede the proof of facts in a § 1981, than in a § 1983, case and a longer statute of limitations under § 1981 is, therefore, more appropriate; Jones et al. v. United Gas Improvement Corp. et al., *supra*.

Clearly, plaintiff's employment rights and seniority rights arise out of contract and not tort; Musicianese v. U. S. Steel Corp., 354 F.Supp. 1394 (E.D.Pa. 1973), citing Madera v. Monongahela Ry. Co. et al., 356 Pa. 460, 52 A.2d 329 (1947); Gruca v. U. S. Steel Corporation, *supra*. And the plaintiff is not barred by the applicable statute of limitations from prosecuting his § 1981 action.

The defendant's Motion to Dismiss the § 1981 action is Denied.