Nola A. HARRIS, Plaintiff,

v.

COMMONWEALTH OF PENNSYLVA-
NIA, etc., Defendants.

Civ. No. 75–444.

United States District Court,
M. D. Pennsylvania.

July 21, 1976.

Fred Speaker, Pepper, Hamilton & Scheetz, Harrisburg, Pa., for plaintiff.

Howard M. Snyder, Deputy Atty. Gen., Lawrence Silver, Deputy Atty. Gen., Chief, Civ. Litigation, Robert P. Kane, Atty. Gen.,

Dept. of Justice, Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

HERMAN, District Judge.

Presently before the court is defendants' motion to dismiss this civil rights action seeking damages and injunctive relief to alleviate alleged employment discrimination practiced by the Commonwealth of Pennsylvania through the Insurance Department, and by other named defendants. The suit was instituted in federal district court pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.); Sections 1983, 1985(3), 1986, within the court's jurisdiction under 28 U.S.C. § 1343; and this court's federal question jurisdiction premised on a claim arising under the equal protection clause of the fourteenth amendment and within the ambit of 28 U.S.C. § 1331. Defendants' motion will be granted in part and denied in part in the manner and for the reasons which follow.

Plaintiff's complaint alleges that plaintiff had been employed as an insurance company examiner by the Commonwealth from May 1, 1967 until her discharge on August 31, 1973. During that period she maintains that on several occasions she was passed up for promotions to supervisory positions based solely on her sex and in favor of less qualified males. Plaintiff specifically alleges that she was discriminated against because of the promotional policies adopted by defendants in February 1970, June 1970, April 1971 and December 1972. Plaintiff in fact received her first promotion on December 14, 1972 despite overall performance ratings of "Very Good" for the years 1971 and 1972. Plaintiff also alleges that certain practices and peculiarities of defendant official, Theodore C. Bausher, contributed to the discriminatory conditions prevalent in the Insurance Department.

On June 5, 1972 plaintiff timely filed charges of continuing employment discrimination with the Equal Employment Opportunity Commission (EEOC) pursuant to the provisions of Title VII of the Civil Rights Act of 1964. As a prerequisite to valid consideration of the charges before the EEOC, the Pennsylvania Human Relations Commission (PHRC) issued a final order on October 24, 1972 finding that there was evidence of discrimination in the hiring and promotion policies in the Insurance Department. It also appears that in December 1972 an official of the Insurance Department signed an agreement with the PHRC to the effect that no retaliatory action would be taken against plaintiff by reason of her discrimination complaints filed against the Commonwealth. However, subsequently, on August 31, 1973, plaintiff was discharged from her employment in what is characterized as a retaliatory discharge based solely on her sex discrimination complaints.

In its decision of May 16, 1974 the EEOC concluded not only that there was reasonable cause to believe that the Commonwealth in the Insurance Department practiced and continued to practice discrimination against plaintiff and females as a class with respect to promotions, but also that there was reasonable cause to believe that plaintiff's discharge was a retaliatory action in reprisal for discrimination complaints previously filed by plaintiff, and in violation of the provisions of Title VII. Following unsuccessful attempts to reach a settlement of the parties' differences, the United States Department of Justice on April 8, 1975 issued a right-to-sue letter pertaining to the charges instituted against the Commonwealth of Pennsylvania Insurance Department before the EEOC. Suit was initially filed in this court on April 14, 1975. On January 12, 1976, with leave of court, an amended complaint was filed by plaintiff, which amended complaint is presently subject to defendants' motion to dismiss and which is now under the court's consideration.

■ In light of the recent United States Supreme Court decision in *Fitzpatrick v. Bitzer*, —— U.S. ——, 96 S.Ct. 2666, 49 L.Ed.2d 614, 44 L.W. 5120 (decided June 28, 1976), it is clear that the 1972 amendments to Title VII extending coverage to the

states as employers were a valid exercise of Congress' authority under § 5 of the fourteenth amendment and could allow a back pay award to plaintiff in her suit against the Commonwealth of Pennsylvania and its instrumentalities, notwithstanding the provisions and construction of the eleventh amendment. The 1972 amendments have not been given retroactive application, however, and accordingly defendants are subject to suit solely for those discriminatory acts, if any, occurring after the effective date of such amendments; to wit, March 24, 1972. *See, Cleveland Bd. of Education v. La Fleur*, 414 U.S. 632, 638, n.8, 94 S.Ct. 791, 795, n.8, 39 L.Ed.2d 52, 59, n.8 (1974); *Weise v. Syracuse University*, 522 F.2d 397, 411 (2d Cir. 1975).

 In the proceedings concerning plaintiff's related complaints before the PHRC and the EEOC, only the "Commonwealth of Pennsylvania Insurance Department" was named as a respondent in the charges. Adopting the reasoning of the decisions rendered in *Scott v. University of Delaware*, 385 F.Supp. 937, 941–42 (D.Del. 1974) and *Jackson v. University of Pittsburgh*, 405 F.Supp. 607, 615–18 (W.D.Pa. 1975), we similarly conclude that jurisdiction does not exist over the individual defendants who were not named in plaintiff's charges filed with the EEOC in the absence of compliance with the procedural and jurisdictional prerequisites set forth in 42 U.S.C. § 2000e–5(f)(1). Therefore plaintiff's Title VII claim will be dismissed as to all named defendants except the Commonwealth of Pennsylvania, for lack of jurisdiction.

 In support of their motion to dismiss the plaintiff's action in regard to retaliatory discharge allegations, defendants reiterate that only the "Commonwealth of Pennsylvania Insurance Department" was named in the charges and was a party to the proceedings before the PHRC and the EEOC, and they further contend that plaintiff has failed to exhaust available state administrative remedies by submitting her charges to the PHRC. In its determination of plaintiff's case the EEOC specifically

addressed itself both to the sex discrimination and the retaliatory discharge allegations. The PHRC, however, issued its final order on October 24, 1972, over ten months prior to plaintiff's discharge from the Insurance Department, and as a consequence it is apparent that the PHRC did not have the opportunity to review plaintiff's retaliatory discharge claims. The agreement entered into between the "Commonwealth of Pennsylvania Insurance Department" and the PHRC in December 1972 was merely an attempt to foreclose the possibility of future retaliatory actions by the Department and did not constitute a determination that the eventual termination of plaintiff's employment some eight months later in fact amounted to a retaliatory discharge. While the express provisions of 42 U.S.C. § 2000e–5 indicate that the filing of charges before the EEOC and receipt of a statutory notice of the right to sue are the sole jurisdictional prerequisites to a suit in district court, a reasonable construction of that section makes it apparent that a valid charge is instituted before the EEOC only when the state authority has been afforded an adequate prior opportunity to consider the charge, and that compliance with this provision for exhaustion of state remedies is in essence a jurisdictional prerequisite as well. *See Richardson v. Miller*, 446 F.2d 1247, 1248 (3d Cir. 1971); *Int'l Bhd. of Elec. Workers v. United States E.E.O.C.*, 398 F.2d 248, 252 (3d Cir. 1968); *Presseisen v. Swarthmore College*, 386 F.Supp. 1337, 1340 (E.D.Pa.1974); 42 U.S.C. § 2000e–5(c).

 It is also well-established that in order to find that the judicial complaint is substantially identical in scope to the administrative charges before the PHRC and the EEOC and that it was sufficiently reviewed by those agencies prior to institution of suit in the district court, it is not necessary to show that the agencies reviewed each specific claim providing that such claims are reasonably "like or related to allegations contained in the charge." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). The charges filed by plaintiff before the PHRC and the final

report of that agency have not been made a part of the record and as a result we do not know the scope of their determination in this regard. The determination of the EEOC as to the merits of plaintiff's charges is included in the record as an exhibit accompanying plaintiff's amended complaint however, and it is evident that the Commission considered not only the allegations of sex discrimination in promotion policies and allegations of retaliatory discharge, but also testimony demonstrating that plaintiff was the target of adverse treatment and verbal abuse directed at her by officials in the Insurance Department following the filing of her complaints, and substantiating plaintiff's allegations of harassment and reprisal occurring as the result of the sex discrimination charges filed with the administrative agencies. In reaching their determination that reasonable cause existed to believe that such charges were true the EEOC expressly relied on and accorded substantial weight to the findings of the PHRC. Therefore, we are compelled to conclude that the present allegations concerning plaintiff's retaliatory discharge are sufficiently related to and encompassed in the charges filed before the administrative agencies alleging that officials of the Insurance Department harassed plaintiff in reprisal for her complaints challenging the Department's alleged unlawful promotion practices. *See, Tipler v. E. I. duPont de Nemours & Co.*, 443 F.2d 125, 131 (6th Cir. 1971). Accordingly, resort to the available administrative agencies has been sufficiently accomplished as to all charges pending before the court against defendant state agency, and the administrative remedies have been exhausted.

■ Plaintiff also asserts a claim under the Civil Rights Act of 1871 contending that the practices and discriminatory acts of the Commonwealth in the Insurance Department contravene Sections 1983, 1985(3) and 1986 of the Act (42 U.S.C. §§ 1983, 1985(3), 1986). Clearly the Commonwealth of Pennsylvania is not a "person" within the meaning of the Civil Rights Act of 1871 and as such these entities are not properly subject to suit in a claim brought under

that Act. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Rochester v. White*, 503 F.2d 263 (3d Cir. 1974); *Fear v. Commonwealth of Pennsylvania*, 413 F.2d 88 (3d Cir. 1968), *cert. denied*, 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969). Moreover, in regard to all the defendants and the civil rights actions, and pendent claims stating causes actionable under state law filed against them, the actions were not timely filed and as a consequence they are now barred by the appropriate statutes of limitations.

■ Since the civil rights acts contain no statute of limitations, the limitation to be applied in this instance is that which would be applicable in the Pennsylvania courts under similar circumstances. *Henig v. Odorioso*, 385 F.2d 491 (3d Cir. 1967), *cert. denied*, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968), *reh. denied*, 391 U.S. 929, 88 S.Ct. 1814, 20 L.Ed.2d 671 (1968). In light of the fact that Pennsylvania has no statute of limitations of general applicability to actions involving violations of constitutional rights, the applicable statute of limitations must be determined from the conduct alleged in the complaint. *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974). The gravamen of plaintiff's complaint does not sound in breach of contract, but rather seeks damages, reinstatement and other equitable relief pursuant to § 1983 for personal injuries suffered as the result of the alleged deprivation of constitutional rights under color of state law. While § 1981 specifically addresses private discrimination in employment contract relationships based on race and requires utilization of the six-year statute of limitations relating to actions for breach of contract, the import of an action instituted under § 1983 is the vindication of personal rights secured by the Constitution or federal statute. *See, Olson v. Krimm*, No. 72–277 Civil, M.D.Pa. (decided June 14, 1972). Therefore, we conclude that Pennsylvania's two-year limitation period pertaining to suits brought "to recover damages for injury wrongfully done to the person" (12 P.S. § 34) is applicable in this case.

Similarly, an action brought under § 1985(3) and predicated on a conspiracy among the defendants to discriminate against plaintiff solely by reason of her sex and thereby to deny her equal protection of the law as guaranteed in the fourteenth amendment is subject to the two-year statute of limitations provided in 12 P.S. § 34. *See, Ammlung v. City of Chester, supra*, at 814–15; *Henig v. Odorioso, supra*, at 493.

The statute of limitations applicable to § 1986 actions is incorporated in the express terms of the provision itself which requires that actions brought under § 1986 must be "commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986.

Plaintiff alleges in her complaint repeated and "continuing" conduct on the part of defendants which in effect discriminates against her solely on the basis of her sex. As a result of these circumstances the applicable statutes of limitation do not begin to run until such discriminatory acts necessarily end, which in this case is the date of plaintiff's discharge from employment with the Insurance Department—August 31, 1973. *See, Greene v. Carter Carburetor Co.*, 8th Cir., 532 F.2d 125 (decided April 2, 1976); *Dudley v. Textron, Inc., Burkart-Randall Div.*, 386 F.Supp. 602 (E.D. Pa.1975). Plaintiff filed her initial complaint in this court on April 14, 1975 based solely on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In the court's order of December 9, 1975, plaintiff was granted leave of court to file an amended complaint clarifying the role which the defendant state official played in allegedly discriminating against her. On January 12, 1976, plaintiff filed an amended complaint elaborating on the individual defendant's participation in the alleged discrimination, and further setting forth jurisdiction in this court based on various sections of the Civil Rights Act of 1871 and 28 U.S.C. § 1343, and on the existence of a federal question pursuant to 28 U.S.C. § 1331 in addition to Title VII of the 1964 Act as amended, together with various claims actionable under state law.

The amended complaint filed on January 12, 1976 and first setting forth the claims under the Civil Rights Act of 1871 was clearly beyond the applicable one and two-year statutes of limitations and therefore such claims are barred from our consideration. Furthermore the additional claims included in the amended complaint, while founded on the same set of circumstances as the Title VII action, assert separate, distinct and independent causes of action and, therefore, neither does the Title VII claim in the first complaint toll the running of the applicable limitation periods nor does inclusion of such actions in the amended complaint relate back to the initial complaint pursuant to F.R.C.P. 15(c). We reach this conclusion based on analogous reasoning with that employed in *Johnson v. Rwy. Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) pertaining to 42 U.S.C. § 1981 and in view of the tests to be applied in considering whether an amended complaint presents new and different causes of action. *Cf., Conry v. Baltimore & Ohio R. Co.*, 95 F.Supp. 846, 849 (W.D.Pa. 1951).

Finally, plaintiff contends that a federal question concerning stated sections of the various civil rights acts and the equal protection clause of the fourteenth amendment is involved under the facts set forth in her complaint, establishing jurisdiction in the district court pursuant to 28 U.S.C. § 1331. While plaintiff's claims rely on rights founded upon federal statutes, we do not believe that the validity of her claims depend in any sense on the construction which we give such statutes as would create a substantial federal question within the ambit of § 1331. *See, PAAC v. Rizzo*, 502 F.2d 306, 312 (3d Cir. 1974), *cert. denied*, 419 U.S. 1108, 95 S.Ct. 7805, 42 L.Ed.2d 804 (1975). The pertinent sections of the civil rights acts and the constitutional amendments invoked by plaintiff in support of her claims are not ambiguous and have been well-delineated by judicial decisions reached since their enactment. To the contrary, the only issues pending before us are factual matters concerning whether or not the cited

authority is applicable to plaintiff's situation. Thus plaintiff's assertion of this court's jurisdiction over the named defendants based on the existence of a federal question within the meaning of § 1331 must be denied.

An appropriate order will be entered.

### ORDER

AND NOW, this 21st day of July 1976, upon consideration of the pleadings and documents and in accordance with the memorandum filed in the above-captioned case this date, IT IS ORDERED that defendants' motion to dismiss be and is hereby granted except as to plaintiff's civil rights action instituted against the Commonwealth of Pennsylvania under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) and concerning charges of both sex discrimination and retaliatory discharge by the officials of the Insurance Department occurring subsequent to March 24, 1972.