UNITED STATES of America, Plaintiff,

v.

Robert E. THOMAS et al., Defendants.

No. 78 CR 97.

United States District Court,
N. D. Illinois, E. D.

May 30, 1978.

Thomas P. Sullivan, U. S. Dist. Atty. by Anne B. Poulin, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Martha Jenkins, Dominick D. Faraci, Sheldon Brenner, Gregory Adamski, Lee Boyd, Michael Cheronis, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This action comes before the court on defendants' motion to dismiss. The defendants, Robert Thomas and Paula Burns, contend that the Special November, 1975, Grand Jury, which returned indictments charging them with mail fraud, was improperly impaneled thereby violating their rights to due process.

The instant indictments were returned by a Special Grand Jury impaneled pursuant to Title I of the Organized Crime Control Act of 1970.[1] This Act contains 13 Titles or sections with Title XII authorizing the creation of a National Commission on individual rights. Under the terms of Title XII the President is given authority to appoint seven members of the Commission including its chairman. The basic purpose of the Commission is to review both the implementation of the Act and any other Federal Laws which may pose a potential danger to individual rights.[2] Title XII was scheduled for implementation January 1, 1972. The President has never exercised his authority to appoint Commission members. It is the defendants' position that the President's failure to make such appointments was a violation of his constitutional duties; from this premise they conclude that since the

---

1. Pub.L. 91–452, Title I, § 3331 *et seq.* October 15, 1970, 84 Stat. 923.

2. *Id.* Title XII, § 1204.

Commission was never organized, no guidelines existed concerning the conduct of government in presenting cases to the Special Grand Jury and the absence of such guidelines deprived the defendants of due process.

Initially, defendants argue that the failure of the President to appoint certain members to the Title XII Commission was a violation of the Constitution. This court cannot see how such an issue is germane to defendants' claim. The substantive issue is rather whether such a failure to appoint resulted in a denial of due process to these particular defendants. The resolution of such a question turns upon construction of the provisions of Title I and Title XII.

The defendants assert that the implementation of Title XII was intended by Congress to be a condition precedent to the validity of Title I as well as the entire Act. The foundation for this assertion lies in the contention that without the benefit of Commission recommendations, the Act is devoid of any guidelines or safeguards. Further, that absent such guidelines the courts are powerless to take notice of or correct governmental abuse, misconduct, or the deprivation of individual rights.

In construing the statute in question, the cardinal duty imposed on this court is to effectuate the intent of Congress. *City of New York v. Train,* 161 U.S.App.D.C. 114, 494 F.2d 1033 (1974), *Johnson Service Co. v. H. S. Kaiser Co.,* 324 F.Supp. 745 (D.C.1971). Based on the content of the statute this court concludes that it was never the intent of Congress to make the existence of the Individual Rights Commission a condition precedent to the validity of the entire Act.

The primary purpose behind the creation of such a Commission was to "study and review" federal laws which may pose a danger to individual rights.[3] Its focus is not solely upon the remaining titles but rather upon a broad spectrum of federal legislation. Nowhere in the language of Title XII is the Commission given the charge to regulate or impose standards upon the operations of the Special Grand Jury. This function has been delegated to the Attorney General and the District Courts. Such delegation has consistently met with the approval of the courts. *Korman v. U. S.,* 486 F.2d 926 (7th Cir. 1973); *U. S. ex rel. Womack v. U. S. Attorney General,* 348 F.Supp. 1331 (D.C.1972).

Further evidence of the Commission's independent nature is found in the fact that Title XII was to become effective two years after the statute's enactment and would cease to exist as of January 1, 1978. Conversely, the majority of the remaining titles were to operate prior to the Commission's existence and continue after its termination. Such evidence crystalizes the intention of Congress to implement the provisions of the Act independent of the establishment of the Commission.

The essence of the due process provision in the Fifth Amendment is fairness. *Kamsler v. M. F. I. Corp.,* 359 F.2d 752 (7th Cir. 1966). Inherent in defendants' claim of being denied due process is the contention that without the existence of the Commission the Act is devoid of procedural standards sufficient to assure such fairness by preventing governmental abuse. Such reasoning is contrary to the explicit language of the statute.

Under each section of Title I the District Courts are vested with broad supervisory powers designed to curb and remedy any potential abuse of process by the government.[4] Additionally, sections authorizing

---

**3.** *Id.* § 1204, stating the duty of the Commission as being a study and review of federal laws and practices relating individual rights including but not limited to the various provisions of the Organized Crime Control Act.

**4.** *See: Re Grand Jury Proceedings,* 507 F.2d 963 (3rd Cir. 1975). Under supervisory power derived from § 3331 of Title I District Courts can require affidavits to support issuance of subpoena. Where the court is not satisfied with such disclosure it may require additional proof. Such procedures are designed to prevent abuse of grand jury process.

*Also: In re Lopreato,* 511 F.2d 1150 (1st Cir. 1975). Holding that under § 3332 of Title I abuse of contempt proceedings is negated by court's power to require an order independent

public reports on organized crime and official misconduct are replete with procedural safeguards designed to protect the rights and remedies of parties covered by such reports.[5] Moreover, Congress included a catchall provision in Title I which subjects the special grand juries impaneled under that section to the same rules and case law used to regulate grand juries generally.[6] Thus, a defendant confronted with governmental misconduct has available to him a variety of constitutional and statutory means by which to redress a legal wrong. Likewise the court is also not without standards by which to judge the government's action in any given case. Such provisions demonstrate an intent on the part of Congress to provide for internal procedural fairness within the sections of Title I and thus independent of any future suggestions of the advisory panel and envisioned by Title XII.

Additionally, defendants Amesse and Donaldson have joined in the aforesaid motion. For the above stated reasons, this court finds that the November, 1975, Special Grand Jury was legally convened. Accordingly, defendants' motion is hereby denied.

of the original subpoena as a premise for contempt proceedings.

5. Title I, § 3333(c)(1) provides opportunity for person named in such a report to file an answer or to appeal the issuance of such a report; § 3333(c)(2) and (d) allows the court to delay making a report public if it would prejudice a pending criminal matter even if report is otherwise publishable.

