**ALD-010**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3819
_____

ANDREW C. BICKEL,
                                    Appellant
v.

ERNEST DISANTIS; ELEANOR R. VALECKO;
ROBERT J. CATALDE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 1-10-cv-00274)
Magistrate Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2012
Before:  SLOVITER, VANASKIE and WEIS, Circuit Judges

(Opinion filed: October 26, 2012)
_____

OPINION
_____

PER CURIAM.

        Andrew C. Bickel is a Pennsylvania prisoner.  He filed the complaint at issue here

against Judge Ernest DiSantis and Deputy Clerk Robert J. Catalde of the Pennsylvania

Court of Common Pleas for Erie County, as well as Eleanor R. Valecko, the Deputy

Prothonotary of the Pennsylvania Superior Court.  Bickel alleged that defendants

conspired to violate his constitutional rights in connection with his appeal from Judge DiSantis's order denying Bickel's state-court habeas petition. In particular, Bickel took issue with: (1) a Superior Court order issued September 16, 2010, which directed the Superior Court Prothonotary to forward Bickel's "application for a writ of error" to the Court of Common Pleas to be treated as a notice of appeal from Judge DiSantis's order; (2) a September 22, 2010 letter from defendant Catalde requesting further direction on how to treat the filing in light Bickel's already pending appeal from Judge DiSantis's order; and (3) a Superior Court order issued October 4, 2010, vacating its previous order of September 16 and stating that Bickel could raise all legally cognizable issues in his already pending appeal. Bickel did not specify how he had been harmed by these events, but he characterized the letter and orders as "fraudulent" and requested various forms of relief, including monetary damages and immediate release from prison.

All parties consented to the Magistrate Judge's exercise of jurisdiction under 28 U.S.C. § 636(c)(1), and the defendants filed Rule 12(b)(6) motions to dismiss on various grounds. The Magistrate Judge granted those motions and dismissed Bickel's complaint by order entered September 27, 2011. The Magistrate Judge concluded that: (1) defendant DiSantis is entitled to absolute judicial immunity because his alleged actions were taken in his judicial capacity, see Mireles v. Waco, 502 U.S. 9, 11-12 (1991); (2) defendant Valecko is entitled to absolute immunity because Bickel alleged only that she acted pursuant to a facially valid court order, see Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir. 2003); and (3) defendant Catalde is entitled to absolute immunity because

2

Bickel alleged only that he exercised his official duties as a court clerk, see Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir. 1967). In addition, the Magistrate Judge concluded that Bickel had failed to state a claim for conspiracy.

Bickel appeals pro se. Because we granted him leave to proceed in forma pauperis, we must screen this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous. We conclude that it should. An appeal is frivolous when it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review confirms that there is no arguable basis to challenge the Magistrate Judge's rulings in this case for the reasons stated by the Magistrate Judge. In addition, Bickel has alleged no conceivable injury arising from the events of which he complains. For these reasons, there was no need for the Magistrate Judge to provide Bickel with leave to amend before dismissing his complaint because it is apparent that amendment would have been futile. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Accordingly, we will dismiss this appeal pursuant to § 1915(e)(2)(B).[1]

---

[1] The Magistrate Judge issued several other orders before dismissing Bickel's complaint, including an order denying his motion for a default judgment against defendant Valecko. Bickel appealed from that ruling, but we dismissed that interlocutory appeal for lack of jurisdiction. (C.A. No. 11-2774, Aug. 23, 2011.) Bickel's present notice of appeal states that he appeals only from the Magistrate Judge's "final decision." Even if we were to construe that notice to include the denial of his motion for a default judgment, there is no arguable basis to challenge that ruling because Valecko filed a timely motion to dismiss asserting the meritorious defense discussed above. Bickel's argument that counsel for Valecko did not validly enter an appearance, which he has asserted in prior motions in this Court, lacks arguable merit.

3