Cyntitha WHITTOM, Plaintiff,

v.

ITT CANNON ELECTRIC, a Delaware Corporation, Defendant.

No. Civ. 75-84 Phx. WPC.

United States District Court, D. Arizona.

April 22, 1975.

Ronald J. Logan, of Marks & Marks, Phoenix, Ariz., for plaintiff.

Parker, Milliken, Kohlmeier, Clark & O'Hara, Wm. H. Emer, Los Angeles, Cal., Kaplan, Kaplan, Jacobowitz & Hendricks, James P. Hendricks, Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Defendant has moved to dismiss this employment discrimination suit on the grounds that this Court lacks subject matter jurisdiction. The following abbreviated summary of events appears to be uncontested:

On January 11, 1971, plaintiff filed a complaint with the Equal Employment Opportunity Commission, alleging that she was unlawfully dismissed from employment on January 4th of that year. On April 25, 1973, the EEOC notified defendant herein that conciliation efforts were being terminated. The Commission also notified plaintiff herein that conciliation efforts had failed. Although Commission regulations require it to do so, see 29 C.F.R. § 1601.25, the EEOC did not include in its letter to plaintiff advice as to her legal rights.

Twice during the period between April 1973 and January 1974 defendant requested that the Commission issue to plaintiff a "Right to Sue" letter, and both times the Commission refused, correctly pointing out that it is no longer required that such a letter be issued on demand of the employer-respondent. See 29 C.F.R. § 1601.25b(c).

Finally, on November 7, 1974, the EEOC issued its 90-day "Right to Sue" letter. This letter was received by plaintiff on November 18, and suit was commenced the following February 14, 88 days later.

Defendant contends that: (1) the action should be dismissed because the complaint was not filed within 90 days of the issuance of the Right-to-Sue letter, and (2) the action should be dismissed because the complaint was not filed within 90 days of the notice of failure of conciliation.

## DISCUSSION

The applicable statute, codified at 42 U.S.C. § 2000e–5(f)(1), pro-

vides, *inter alia*, that "if within one hundred and eighty days from the filing of [an unlawful employment practice charge with the Commission] . . . the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . .."

Although the Commission, in the case at bar, took longer than 180 days to investigate and attempt to negotiate a voluntary settlement, "[t]he clear intent to Congress in passing this statute was to prefer private and informal conciliation" and the greater length of time so taken does not necessarily preclude suit now. *See Cunningham v. Litton Industries,* 413 F.2d 887, 890 (9th Cir. 1969). The statutory 90-day limitation period for filing a private suit following notification of failure of conciliation, however, is jurisdictional. *Wong v. The Bon Marche,* 508 F.2d 1249 (9th Cir. 1975).

■ (1) *The Right to Sue Letter.* Defendant's first argument is clearly incorrect. Assuming, *arguendo,* that the 90-day limitation period was to run from some date determined with reference to the sending of the Right to Sue letter, it would not be the date of issuance of the letter that triggered the running of the limitation period, but rather the date of its receipt by the complainant. *See Cunningham v. Litton Industries, supra,* 413 F.2d at 890. This suit was in fact commenced on the 88th day following receipt of the letter.

(2) *The Failure of Conciliation Letter.* Defendant's argument that the 90-day limitation period commenced with some date determined by the April 1973 "Failure of Conciliation" letter is more difficult of resolution.

It is true, as plaintiff points out, that the Commission's own regulations require it to include advice concerning the complainant's right to sue in its failure of conciliation notice. 29 C.F.R. § 1601.25. The Commission did not do so in the case at bar. But the statute itself says nothing about such a requirement, and in fact specifically provides that a complainant shall have 90 days following the giving of the *notice of failure of conciliation* in which to file suit. 42 U.S.C. § 2000e–5(f)(1). *See Cunningham v. Litton Industries, supra,* 413 F.2d at 890.

■ The Court recognizes that, absent knowledge on the part of the complainant of her right to sue in private litigation, the purposes of the Act may be poorly served. Under some circumstances, therefore, it may be proper to consider the running of the limitation period to be tolled until the complainant is in fact made aware of this important right. *See Wong v. The Bon Marche, supra; Gates v. Georgia-Pacific Corp.,* 492 F.2d 292, 295 (9th Cir. 1974).

■ But there is no particular magic worked by a Right to Sue letter per se, and it is certainly possible that a complainant may become aware of her legal rights long before such a letter is sent. That, indeed, appears to be the case here, where, as early as February 4, 1974 (nine months before the letter was actually sent) plaintiff discussed with her attorney "the facts of her case and the likelihood of recovery based upon those facts." Affidavit of Ronald J. Logan, April 16, 1975 at 2. In such a case, it would be unjust to allow the limitation period, purposefully imposed by Congress, to be indefinitely extended merely by the failure of the Commission to send, and the failure of the complainant to request, such a letter. That the plaintiff may have relied on the Commission's belief that the statute could be indefinitely tolled does not necessarily require the Court to accept that principle. *Cf. Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027 (9th Cir. 1975).

It is therefore ordered that defendant's motion to dismiss is granted, and the complaint and action herein are ordered dismissed with prejudice.