Patricia LYNN, Plaintiff,

v.

WESTERN GILLETTE, INC., a California Corporation, Defendant.

No. Civ. 75–561 Phx. WPC.

United States District Court,
D. Arizona.

Dec. 12, 1975.

Richard L. Green, of Lemberg, Green, Lester & Walsh, Phoenix, Ariz., for plaintiff.

James E. Brophy, III, of Ryley, Carlock & Ralston, Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

The instant suit is based upon an allegation of sex discrimination in employment (42 U.S.C. §§ 2000e *et seq.*). For purposes of this motion for summary judgment the important dates are as follows. On February 21, 1974 the E.E.O.C. sent a letter to plaintiff informing her of the commission's failure to obtain conciliation in her case. Within the week she obtained the assistance of counsel. She was not sent a "right to sue" letter until July 29, 1975. Plaintiff filed suit in this court on August 19, 1975. Defendant contends that the statutory period within which plaintiff was required to file suit under 42 U.S.C. §§ 2000e *et seq.* started to run as of the February 21, 1974 letter (hereinafter the first letter). The Court agrees and finds the instant case to be controlled by its earlier opinion in *Whittom v. ITT Cannon Electric*, 395 F.Supp. 492 (Civ. 75–84 PHX 1975).

Plaintiff argues that for various reasons *Whittom, supra,* is not applicable to her fact situation. The Court disagrees as noted in a review of each of these arguments *infra*.

Due to its own administrative mistake the E.E.O.C. sent its plaintiff's form letter to Western Gillette (defendant) and its defendant's form letter to Lynn (plaintiff). The first letter stated in clear terms that conciliation had failed. It did not, however, mention any right to sue nor was a copy of the complaint attached pursuant to 29 C.F.R. § 1601.25. However, as *Whittom, supra,* notes the only notice required is the failure of conciliation. Any actual problem that might have occurred due to the commission's failure to notify plaintiff of her possible legal rights was cured by the retention of counsel within a week after the mailing of the first letter to plaintiff.

### Errors of the E.E.O.C.

As noted in *Whittom, supra,* in certain circumstances where a plaintiff is misinformed by the E.E.O.C. and relies on that information the statute should be tolled. However, as in *Whittom, supra,* plaintiff did obtain legal advice within one week of the mailing of the first letter. Having obtained counsel she still waited for over one year before filing her action in this court. The failure of plaintiff and her counsel to proceed timely was not due to the errors of the E.E.O.C.

### Completion of Conciliation

Plaintiff argues that as of the date of the first letter conciliation had not yet been completed. The affidavit of Dorothy Mead of the E.E.O.C. (a copy of which is on file herein) asserts that a final legal review of the case had not been made by the regional office of the commission. However, the effort at actual conciliation had been terminated. The documents attached to the affidavit clearly demonstrate that fact. A careful reading of both letters sent on February 21, 1974 indicates that conciliation had been a total failure. In addition to that fact Ms. Mead states in her affidavit

that the reason for the sending of the second set of letters on July 17, 1975 was the discovery of the misdirection of the first set of letters sent on February 21, 1974. If the reason for their transmission was the misdirection that fact appears to contradict the assertion that actual conciliation was still in progress until July 29, 1975.

 The first letter was a proper notice of failure of conciliation within the meaning of the act and *Whittom, supra.* Given that fact plus the retention of counsel within a week after plaintiff was put on notice of the failure of conciliation, the 90-day period within which to file suit had run under the rationale of *Whittom, supra.*

#### Retroactive Application

Plaintiff argues that the Court's ruling in *Whittom, supra,* should not be made retroactive since it resolves issues not clear in the prior law. That contention is without merit. *Whittom, supra,* was not a departure from the existing case law, rather it was consistent with the statute (42 U.S.C. §§ 2000e *et seq.*) as set forth by the Congress. However, even if plaintiff were correct she still could not prevail. *Whittom, supra,* was decided on April 21, 1975. Plaintiff did not file suit until August 19, 1975. She did not file suit within 90 days after *Whittom, supra* (she filed it 120 days after that decision). Thus, even if *Whittom, supra,* were only to be applied in a prospective manner plaintiff did not file suit within the statutory period of 90 days.

#### Summary Judgment

Plaintiff argues that summary judgment is not the proper method for raising a jurisdictional question. This is incorrect. *See, Davis v. Valley Distributing Company,* 522 F.2d 827, 829 (9th Cir. 1975). It is also clear that the Court may consider the question of jurisdiction on its own motion.

IT IS THEREFORE ORDERED:

Defendant's motion for summary judgment is granted and counsel will promptly lodge a form of judgment for signature by the Court.