**Biruta CAP**

v.

**LEHIGH UNIVERSITY.**

Civ. A. No. 76–1846.

United States District Court,
E. D. Pennsylvania.

June 3, 1977.

Gordon Gelfond, Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for plaintiff.

Walter L. Foulke, J. Freedley Hunsicker, Jr., Drinker, Biddle & Reath, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Presently before the Court is defendant's motion to dismiss the plaintiff's complaint. In its motion the defendant contends that (1) the claim of plaintiff under Title VII, 42 U.S.C. § 2000e *et seq.* must be dismissed for lack of subject matter jurisdiction because the plaintiff has failed to comply with the procedural prerequisites required by the Act for filing such a complaint; (2) the plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 because there is no "state action"; (3) this Court does not have jurisdiction with respect to plaintiff's claim under Executive Order 11246, as amended by Executive Order 11375 because these Orders do not create a private right of action; (4) plaintiff has alleged a conspiracy under 42 U.S.C. § 1985(3) but has failed to state a cause of action under that statute because (a) an institution cannot conspire with itself; (b) there is no "state action"; (c) the claim is barred by the Statute of Limitations; (5) plaintiff's claim under the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* is barred because (a) plaintiff has no standing to sue under that act; (b) the claim is barred by the Statute of Limitations; (c) the Court should not take pendent jurisdiction over this claim; (6) plaintiff's claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) is barred by the Statute of Limitations; (7) plaintiff's claim under the Pennsylvania Equal Pay Act, 43 P.S. § 336.1 *et seq.* is barred by the Statute of Limitations, and the Court should not take pendent jurisdiction over this claim; (8) plaintiff's state law tort claim is barred by the Statute of Limitations and the Court should not take pendent jurisdiction over this claim. Plaintiff opposes defendant's motion.

### Title VII

The defendant has moved to dismiss the Title VII claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Proce-

dure on the ground that the plaintiff has failed to file a timely claim of sex discrimination with the EEOC, thereby depriving the Court of subject matter jurisdiction. Defendant's 12(b)(1) challenge to subject matter jurisdiction appears to present an attack on the existence of subject matter in fact, rather than an attack on the allegations of subject matter in the complaint. *See Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884, 891–92 (3d Cir. 1977). In response to defendant's motion, plaintiff filed a memorandum of law and the deposition of Howard Gurmankin, an equal opportunity employment specialist with the EEOC. Defendant in its supplementary memorandum in support of its motion does not contest any of the factual allegations based upon this deposition, but argues that even when all the facts alleged by plaintiff are considered (including the facts contained in the deposition), they are insufficient to establish plaintiff's compliance with the jurisdictional prerequisites of Title VII. In a motion which challenges the substance of jurisdictional allegations, either side may introduce extra-pleading material. *Wright & Miller, Federal Practice & Procedure,* § 1350 at 549–550. For the purposes of this motion, we will accept as true all the facts alleged by plaintiff in her complaint and the deposition of Howard Gurmankin.

There are two jurisdictional prerequisites to the maintenance of an action in the district court pursuant to the provisions of Title VII. The first is the timely filing of charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC), 42 U.S.C. § 2000e–5(e). The second is receipt of a right to sue letter from the EEOC and the institution of suit within the time period mandated by 42 U.S.C. § 2000e–5(f)(1). *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Wetzel v. Liberty Mutual Insurance Company,* 511 F.2d 199 (3d Cir. 1975); *rev'd on other grounds* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Jones v. United Gas Improvement Corporation,* 383 F.Supp. 420 (E.D.Pa.1974). The time limits for filing charges with the EEOC are found in Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e), which provides:

(e) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier . . . . .

The defendant contends that the plaintiff did not file a charge within one hundred and eighty days after the alleged unlawful employment practice occurred. In her complaint, plaintiff alleges that on April 16, 1973 the EEOC assumed jurisdiction over her charges of sex discrimination and thereafter deferred the matter to the Pennsylvania Human Relations Commission. She further alleges that after deferral to the State agency, the EEOC again assumed jurisdiction and on May 12, 1976 issued a right to sue letter. The present action was commenced on June 10, 1976.

In connection with this motion we have considered the following facts as alleged by the plaintiff in her complaint, as well as the facts in the deposition of Howard Gurmankin. In May, 1972, plaintiff received a one year terminal contract from Lehigh University which, in effect, constituted a denial of tenure. On March 5, 1973, plaintiff wrote to the EEOC stating that Lehigh University had given her a terminal contract which she believed was discriminatory against women and explaining why she believed this action in denying her tenure constituted sex discrimination. The EEOC respond-

ed by letter of April 12, 1973 stating that the facts she presented were insufficient to determine a violation of Title VII. A blank charge form was enclosed, along with instructions for plaintiff to complete, sign, date and notarize the charge form if she felt that her complaint was based on a Title VII violation. On April 16, 1973, plaintiff received a letter from the President of Lehigh stating that Lehigh had re-evaluated her status and affirmed the decision to give her a terminal contract. The EEOC sent a letter to plaintiff on May 31, 1973, which letter was identical to its response of April 12, 1973. On July 18, 1973, the EEOC again wrote to plaintiff stating that it had received her communication alleging unlawful employment practices in violation of Title VII, and that in accordance with regulations it had assumed jurisdiction over her charge as of June 18, 1973. On May 31, 1973, plaintiff filed a charge of employment discrimination with the Pennsylvania Human Relations Commission. The Commission found that plaintiff had not established cause for her charge of sex discrimination and closed her case on August 7, 1974. On February 21, 1975, plaintiff filed with the EEOC a charge on the form provided by the EEOC. The EEOC issued a right to sue letter on May 12, 1976, and plaintiff instituted this action on June 10, 1976. The EEOC assumed jurisdiction over plaintiff's case on June 18, 1973, deferred its investigation while plaintiff's complaint was being investigated by the Pennsylvania Human Relations Commission, and began its investigation after February 21, 1975.

The defendant argues that this Court lacks jurisdiction because plaintiff did not file a timely charge with the EEOC. It is the defendant's contention that the date plaintiff received the terminal contract from defendant, May, 1972, is the date on which the unlawful discrimination occurred and from which the 180-day period begins to run. Since plaintiff's letter of March 5, 1973 was filed more than 180 days from the time she received the terminal contract in May 1972, defendant contends that her charge was not filed within 180 days. Plaintiff, however, claims that the period

begins to run from the time she received the terminal contract and continues until the last day she worked, May of 1973, or the date she received notice that the re-evaluation procedure had been completed, April 16, 1973. In *Egelston v. State University College at Geneseo*, 535 F.2d 752 (2d Cir. 1976), plaintiff, a professor, was notified on May 15, 1972 that her teaching contract, which expired in June 1973, would not be renewed. Defendant contended that plaintiff's charge, filed on January 24, 1973, was not timely. The Second Circuit reversed the District Court's holding that Title VII's time limit was triggered when plaintiff was notified in May of 1972 that her contract would not be renewed. The Second Circuit held that plaintiff's discharge was consummated only when she left the university or possibly when a replacement was hired. In *Silverman v. Lehigh Univ.*, C.A. No. 75–3490 (July 30, 1976, E.D.Pa.), the plaintiff, a professor, received a letter from the Department of Mathematics advising her that she would be offered a one year contract. She sought a review of the decision, and several months later received a letter from the Provost advising her that the recommendation of the Department of Mathematics would be upheld. The Court stated that the 180-day period began to run when the plaintiff received the final decision letter from the University.

The plaintiff in this case received a contract in May 1972, which contract expired in June of 1973. Plaintiff sought a review of the decision and on April 16, 1973 received a letter from the President of Lehigh stating that the matter had been reviewed and the decision affirmed. It is clear that the alleged discrimination continued at the very least from the time she received her terminal contract until she was informed that the matter had been reviewed and the decision affirmed. Mindful of the interpretations which have been given to Title VII's procedural requirements, *e. g., Love v. Pullman*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), *Wetzel v. Liberty Mutual*, 511 F.2d 199 (3d Cir. 1975), *rev'd on other grounds*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435

(1976), on the basis of the facts which we have heretofore considered, we will deny the defendant's motion to dismiss plaintiff's Title VII claim for lack of subject matter jurisdiction.

■ Defendant further contends that plaintiff's letter of March 5, 1973 to the EEOC is not a "charge". 29 C.F.R. § 1601.-11(b) provides:

(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is deemed filed when the Commission receives from the person making a charge a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to swear to the charge, or to clarify and amplify allegations made therein, and such amendments alleging additional acts which constitute unlawful employment practices directly related to or growing out of the subject matter of the original charge will relate back to the original filing date.[1]

Plaintiff's letter of March 5, 1973 meets these standards.[2] Furthermore, the EEOC's letter of July 18, 1973 states that it assumed jurisdiction over her charge as of June 18, 1973 in response to her letter. We find, therefore, that plaintiff's letter of March 5, 1973 constituted a charge that was timely filed.

### § 1983 Claim

Defendant has moved to dismiss plaintiff's claim under 42 U.S.C. § 1983 [3] on the ground that plaintiff has failed to show that defendant acted "under color of state law." Defendant contends that the allegations in the complaint are not sufficient to

---

1. Sec. 1601.11 was last amended May 6, 1972.

2. She stated in her letter:

Gentlemen:

My employer Lehigh University City of Bethlehem, Pennsylvania, has given me a terminal contract which I believe to be unfair and discriminatory against women.

This university follows in its promotion practices the guidelines of the American Association of University Professors. According to the A.A.U.P. Rules, a member of the faculty having served a total of six years at the rank of Assistant Professor is to be reviewed for promotion and tenure. Furthermore, Lehigh University requires that for promotion to the rank of Associate Professor with tenure a faculty member must show achievement in two of three areas; satisfactory teaching, publication, service to the university.

Since I had served as an Assistant Professor for three years prior to coming to Lehigh at institutions not requiring publications, and since a period of 2½ years is unsufficient for acquiring a substantial record in either publication or community service, I was of course deficient in these two areas. However, the factor that really made accomplishment in these two areas impossible was my pregnancy and infant care during the second and third year at Lehigh University. As this institution has no provision for maternity leave, I kept on teaching and fulfilling scrupulously all my duties related to teaching. Yet, Lehigh refuses to recognize that the biological factors of pregnancy and infant care temporarily do curtail the extent of a woman's professional activities.

I have repeatedly asked the Administration of Lehigh University to give me an extension of the probationary period so that my scholarly work which is now beginning to appear in print might be taken into account. But, the Administration has stubbornly refused to retract its terminal contract to me and give the extension which seems fair in the absence of maternity leave policies.

Although the nature of our work is quite different, my complaint is essentially the same as that of Mrs. Cillella of your suit against General Motors. As she put it to the reporter of the New York Times (Sunday, March 4, 1973, Section 3, P. 14);

"If I'd been given a chance—you know there's a probationary period—well they could have fired me if I couldn't do the work . . . This was the point that really burned me up. They didn't give a chance. It's unfair not to give women a chance."

I would appreciate any advice you could give me about the legal strength of my complaint and guidance as to what course of action I could pursue.

Thank you. Sincerely yours, Biruta Cap.

3. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

warrant a finding of state action even if plaintiff could prove her allegations. Plaintiff argues, however, that the record does not contain sufficient factual material on which a ruling on this issue can be made and that she is entitled to discovery before a final determination on this question.

■ While the allegations of "state action" in the complaint are somewhat inconclusive, it is possible that plaintiff may establish facts sufficient to show that defendant acted under color of state law. The Third Circuit has disapproved the dismissal of a § 1983 complaint for lack of state action without the benefit of adequate discovery on the state action question. *Braden v. University of Pittsburgh,* 477 F.2d 1 (3d Cir. 1973). The *Braden* court emphasized the Supreme Court's admonition in *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961):

Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance.

*See Silverman v. Lehigh, supra; Presseisen v. Swarthmore College,* 71 F.R.D. 34, 39 (E.D.Pa.1976); *Milner v. National School of Health Technology,* 409 F.Supp. 1389, 1394 (E.D.Pa.1976). Defendant's motion alleging lack of State action is therefore denied.

### Claim Under Executive Orders 11246 and 11375

■ Plaintiff alleges a cause of action pursuant to Executive Order 11246, as amended by Executive Order 11375. Defendant contends that these Executive Orders, which require Federal contractors to refrain from discrimination in employment based on sex, do not provide a private right of action. The cases support this view. *Cohen v. Illinois Institute of Technology,* 524 F.2d 818, 822, n. 4 (7th Cir. 1975), *cert. den.* 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187; *Jackson v. University of Pittsburgh,* 405 F.Supp. 607, 611 (W.D.Pa.1975); *Braden v. University of Pittsburgh,* 343 F.Supp. 836, 840–1 (W.D.Pa.1972), *rev'd on other grounds,* 477 F.2d 1 (3d Cir. 1973). Plaintiff has not cited any authority to the contrary. We shall therefore grant defendant's motion to dismiss plaintiff's claim based on these Executive Orders.

### Conspiracy Claim Under § 1985(3)

■ The defendant has moved to dismiss the plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) contending that the complaint fails to state a claim upon which relief can be granted since the alleged conspirators are all employees of the same university and the challenged conduct is essentially a single discriminatory action by the university. The only defendant named in the action or mentioned in the complaint is Lehigh University. 42 U.S.C. § 1985(3)[4] prohibits a conspiracy by two or more for the purpose of depriving any person or class of persons of certain constitutional rights. Although the authorities are split as to whether the actions of two or more agents of a single corporate defendant constitute a

---

**4.** 42 U.S.C. § 1985(3) reads as follows:

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

conspiracy within the meaning of § 1985(3),[5] no case has been called to our attention in which a complaint alleging a conspiracy under § 1985(3) survived a motion to dismiss where the corporate defendant was the only named defendant and the complaint did not allege a conspiracy between two or more persons or entities. Furthermore, our Third Circuit has adopted the rule that a complaint in a civil rights action, particularly one drafted by an attorney, is subject to dismissal unless it specifically pleads a cause of action. *Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir. 1976); *Kauffman v. Moss*, 420 F.2d 1270 (3d Cir. 1970). *See also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In this respect, plaintiff's claim under § 1985(3) is wholly deficient. We will grant the defendant's motion to dismiss the plaintiff's claim under 42 U.S.C. § 1985(3) without prejudice to the plaintiff's filing and serving an amended complaint within ten days of the date of this Memorandum and Order.

■ Defendant also alleges that there is no state action. It has been held that there is no requirement under § 1985(3) that the alleged conspiracy arise under color of state law or that any state action be found. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1970, 29 L.Ed.2d 338 (1971); *Richardson v. Miller*, 446 F.2d 1247 (3d Cir. 1971).

■ Defendant also contends that plaintiff's claim under § 1985 is barred by the Statute of Limitations. Since the Civil Rights Acts contain no Statute of Limita-

tions, the limitation to be applied is that applicable to a similar type action brought pursuant to state law in the state in which the Federal court is sitting. *Polite v. Diehl*, 507 F.2d 119, 122 (3d Cir. 1974). Defendant argues that Pennsylvania's two year statute governing tort actions, 12 P.S. § 34 is applicable, while plaintiff counters that Pennsylvania's six year statute governing contract actions, 12 P.S. § 31, is applicable. Although the district courts have split on this question,[6] the recent decision of our Third Circuit in *Wilson v. Sharon Steel Corporation*, 549 F.2d 276 (February 27, 1977, as amended March 9, 1977) suggests that in an employment discrimination case brought under § 1981 the six year statute applies. The Court in *Wilson* referred to the authorities cited in 22 Pennsylvania Law Encyclopedia, Limitation of Actions, §§ 31, 32, specifically *Haefele v. Davis*, 399 Pa. 504, 160 A.2d 711, 714 (1960) as being helpful in determining this question. Both of these authorities point to the six year statute. *See Pierce v. Catalytic, Inc.*, 430 F.Supp. 1180 (E.D.Pa., filed April 20, 1977). Courts have generally held that in employment discrimination cases the same statute applies for causes of action pursuant to § 1981, § 1983 and § 1985. *Presseisen v. Swarthmore College*, 71 F.R.D. 34 (E.D.Pa. 1976). We hold therefore that the six year limitation is applicable to plaintiff's claim under § 1985.

### Claim Under the Pennsylvania Human Relations Act

Defendant contends that plaintiff's claims under the Pennsylvania Human Re-

---

5. Cases which hold that the language of § 1985(3) does not reach the actions of two or more individuals acting in a corporate capacity for a single employer include: *Baker v. Stuart Broadcasting Company*, 505 F.2d 181 (8th Cir. 1974); *Cole v. University of Hartford*, 391 F.Supp. 888, 890–94 (D.Conn.1975); *Milburn v. Blackfrica Promotions, Inc.*, 392 F.Supp. 434 (S.D.N.Y.1974); *see also Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972).

On the other hand, there is considerable authority for the contrary proposition: *Jackson v. University of Pittsburgh*, 405 F.Supp. 607 (W.D.Pa.1975); *Hanshaw v. Delaware Tech. & Comm. College*, 405 F.Supp. 292 (D.Del.1975); *Rackin v. University of Pennsylvania*, 386 F.Supp. 992, 1005–6 (E.D.Pa.1974). *See also Weise v. Syracuse University*, 522 F.2d 397,

408–09, n. 16 (2d Cir. 1975); *Beamon v. Saunders Company*, 413 F.Supp. 1167 (E.D.Pa.1976).

6. Cases applying the six year statute include: *Dupree v. Hertz Corporation*, 419 F.Supp. 764 (E.D.Pa.1976); *Beamon v. Saunders*, 413 F.Supp. 1167 (E.D.Pa.1976); *Fontaine v. Tasty Baking Co.*, C.A. No. 74–831 (E.D.Pa.1975); *Dudley v. Textron, Inc.*, 386 F.Supp. 602 (E.D. Pa.1975); *Jones v. United Gas Improvement Corporation*, 383 F.Supp. 420 (E.D.Pa.1974).

Cases applying the two year statute include: *Meyers v. Pennypack Woods Home Ownership Association*, C.A. No. 75–13 (E.D.Pa.1976); *Davis v. United States Steel Supply*, 405 F.Supp. 394 (W.D.Pa.1976); *Presseisen v. Swarthmore College*, 71 F.R.D. 34 (E.D.Pa.1976).

lations Act, 43 P.S. §§ 951 *et seq.* are barred on the grounds that plaintiff's charge filed with the Pennsylvania Human Relations Commission was not timely filed and the Commission never issued a right to sue letter. Since the plaintiff does not contest the motion in connection with the Pennsylvania Human Relations Act, we grant defendant's motion to dismiss plaintiff's claim under the Pennsylvania Human Relations Act.

### Claim Under Equal Pay Act

■ Plaintiff's claim under this statute is based on her allegation in the complaint that females receive less pay generally than their male counterparts at Lehigh in violation of the Federal Equal Pay Act, 29 U.S.C. § 206(d).[7] The defendant contends that this claim is barred by the Statute of Limitations.

The Federal Act, 29 U.S.C. § 255(a) provides that all actions must be commenced "within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued". This Statute of Limitations provision permits employees to recover back wages for the time they were employed during the two year period prior to the date of filing suit or in the case of a willful violation, during the three year period. *Hodgson v. Behrens Drug Company,* 475 F.2d 1041, 1050 (5th Cir.), *cert. denied* 414 U.S. 822, 94 S.Ct. 121, 38 L.Ed.2d 55 (1973); *Brennan v. S & M Enterprises,* 362 F.Supp. 595 (D.D.C.1973). *See also Bailey v. Pilots' Ass'n For Bay & River Delaware,* 406 F.Supp. 1302, 1308 (E.D.Pa.1976). Since plaintiff's last employment at the University was in June 1973, and this suit was not filed until June 10, 1976, defendant argues that plaintiff's claim under this statute is barred by the Statute of Limitations. The facts alleged in plaintiff's complaint, al-

though not crystal clear, could be construed as an allegation that Lehigh's conduct was wilful. Because we are bound to accept as true plaintiff's factual allegations in ruling on defendant's motion to dismiss, and because the last day plaintiff worked is a question of fact that has not been presented to the Court, we will deny defendant's motion to dismiss plaintiff's claim under the Federal Equal Pay Act.

### Claim Under Pennsylvania Equal Pay Act

■ Plaintiff has also alleged a pendent claim based on the provisions of the Pennsylvania Equal Pay Act, 43 P.S. § 336.1 *et seq.* 43 P.S. § 336.2(a) excludes from the definition of employee a person subject to § 6 of the Federal Fair Labor Standards Act, 29 U.S.C. § 206, of which the Equal Pay Act is a part. As previously discussed, plaintiff has invoked coverage of the Federal Act, and, therefore, is excluded from a claim under the Pennsylvania Act. *Bradford v. Peoples Natural Gas Co.,* 60 F.R.D. 432 (W.D.Pa.1973). We will grant defendant's motion to dismiss plaintiff's claim under the Pennsylvania Equal Pay Act.[8]

### Pendent Tort Claim

■ Defendant contends that plaintiff's state tort claim based upon defendant's actions is barred by Pennsylvania's two-year Statute of Limitations. Plaintiff, however, points out that she has alleged in her complaint that such tortious activities have continued until this date. Because in a motion to dismiss the allegations in the complaint are taken to be true, we deny defendant's motion to dismiss plaintiff's tort claim.

■ Defendant also argues that this Court should not take pendent jurisdiction over plaintiff's tort claim. Federal courts have power to adjudicate claims based upon

---

**7.** This statute provides that an employer shall not discriminate between employees on the basis of sex by paying lower wages to employees of one sex.

**8.** Although we do not have to reach defendant's contention that plaintiff's claim is barred by the Statute of Limitations, we note that 43

P.S. § 336.5(b) provides that, "Any action . . . must be brought within two years from the date upon which the violation complained of occurs", and plaintiff has not alleged any facts or equitable consideration which might toll the running of the Statute.

state law wherever there is a substantial federal claim "and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case'" *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In determining whether to exercise our discretion by hearing the pendent state law claims, we must consider (a) whether judicial economy, convenience and fairness to the litigants would be served by having the pendent state law claims determined in a single proceeding, (b) whether trying the pendent state law claims will cause jury confusion and (c) whether the pendent state claims present unsettled questions of state law. *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Reed v. Philadelphia Housing Authority,* 372 F.Supp. 686 (E.D. Pa.1974); *Tauss v. Rizzo,* 361 F.Supp. 1196 (E.D.Pa.1973). Since we are unable to ascertain from the complaint the exact nature of plaintiff's state tort claim and since it may present unsettled questions of state law, we shall not at this time exercise our discretion to take pendent jurisdiction.